Good morning, Richard Rassel on behalf of Appellant Tollbrook. I've reserved four minutes for rebuttal. Thank you very much. It's a pleasure to be here. We're here because Tollbrook, a residential real estate developer, contends that the District Court committed a number of errors in connection with the dismissal on a 12B6 basis of its complaint alleging that the City of Troy had acted unconstitutionally in violation of Tollbrook's 14th Amendment substantive due process rights in determining, or lack of determination, that the application for rezoning, conditional rezoning in this instance, was not appropriate and in fact made no such determination of any kind as required by its ordinance. They denied it. What? I'm sorry? Go ahead. I didn't catch the end of what you said. What I said at the end, Judge White, is that the City of Troy effectively denied the opportunity for Tollbrook to proceed with its project. The project would, of course, be underway today but we have been effectively told that our process cannot continue because we do not have the correct zoning. The underlying zoning district in this case is R1B, which is a residential... Wait. The way you phrase this is confusing me because what my understanding is that you don't have the correct zoning and that you asked for a conditional zoning change. That's correct. Okay. So the decision that you're challenging is the rejection or the denial of your application for to rezone that parcel, right? That is correct, the effective denial, because the City never followed the ordinance procedure. Why do you keep qualifying this by saying the denial is effective? You had to get their permission, right? We had to get the permission. The City Council had to approve your rezoning request. It had to do one of three things. It did neither of any of them but that's effectively true. In order to have the property... Did the City have to approve your rezoning request in some form? In order to obtain the relief of the rezoning, yes, Your Honor. Did that... Was a motion put to the City Council for approval of the rezoning request? That occurred. And was that voted down? It was voted down four to three. Was it voted down? Yes. Are you saying that the denial has to be five? I don't understand. I mean, we know that it was denied. It was voted down. It didn't have... It was four against and three for, right? That's correct. Okay. Does that have significance? It does have significance. Huh? It does have significance. Because it wasn't five? It does have significance because the Troy City Ordinance, which governs the process for the conditional rezoning application in this case, requires the City of Troy City Council to do one of three things per a resolution. It may approve the conditional rezoning request, which nobody contends happened here. It may deny, by resolution, the conditional rezoning request, which nobody contends happened here. Or it may postpone the conditional rezoning request, which nobody contends happened here. It does not pass a resolution of any kind doing any one of those three things. What it did... I'm sorry. Just... Please. You want to persuade us. You don't want to argue with us. So, why do you say that the denial never happened? I'm confused by that. I thought they denied it at that meeting. They voted down a resolution, a motion for a resolution to approve, lost four to three. There was never a motion or a resolution to deny, which is required by the section of the ordinance. So, you say you have a substantive due process right under the 14th Amendment for the form in which they choose to deny your request. That just seems like an astounding proposition under the substantive due process clause. Well, the Troy Ordinance establishes for us that legitimate claim of expectation. You don't get a constitutional right based upon state law, let alone a county or a city zoning ordinance. That's not the source of substantive due process, unless you have a case that says otherwise. Well, the Wilkinson case cited in our primary brief, which is the United States Supreme Court, says that substantive due process rights and constitutionally protected property interests may arise and do arise from state policies and state law. So what we have here is a state ordinance structure set up by the City of Troy itself, which required the City of Troy to take certain steps, which the Planning Commission did in this case, but which the City of Council failed to follow with respect to its own ordinance guidelines. Okay, so what I hear you saying is that the heart, that what you're complaining about is that you never got a denial. Not that you didn't get an approval, but that you never got a denial. So if you say a denial is necessary, I guess the application is, I don't know, is it still live? Is it, what do you, I don't understand how you're piecing these things together. Yes, and I think it's important, Judge White, to understand the connection and the interplay between the various portions of the ordinance that take an applicant through a conditional rezoning process and establish that legitimate expectation or justifiable expectation in this case that we would be treated in accordance with the Troy ordinance itself. And I can answer the question. First the Planning Commission must consider the application and make a recommendation. That occurred. The Planning Commission made a finding and recommendation and a determination that all five ordinance standards had been met. We know all that. That's undisputed. It took place over eight months and a tremendous amount of public hearings, four to be exact, over a very long period of time and lots of concessions by Troy. The Planning Department, the City Manager, everybody's in favor of this thing. We show up at the City and what the City Council does is it ignores the finding and determination that's been made by the Planning Commission in this case. It ignores the fact... Which was this Planning Commission recommendation. That they ignored it. They didn't agree with it. They didn't accept it. But to say that they ignored it or they didn't consider all the factors when you look at the four hour recording of the meeting just seems to be ridiculous. And I would contend this and we've contended it in a number of different instances in our briefing. This is a 12B6 review. This is not a Rule 56 motion for summary judgment review. For Judge Goldsmith... Is the recording an official record? It is a public record. Is it accurate? Does it accurately depict what happened at the meeting? I cannot sit here today and say that there's anything that I've noticed that took place at the meeting that's somehow obfuscated by the video. Alright. So, you're saying it'd be fine for us to look at that and deny you if this came to us under Rule 56, but we can't do it because it's Rule 12 even though you can't point to anything that's inaccurate in what's been provided to us as a part of the public record. I'll answer the question this way. Yes, I'm contending exactly that. Because at the 12B6... Do you have any authority for that? Yes. We have cited three very important cases, two Sixth Circuit cases, the Posse case and the Davis case, which both state that to look in outside the pleadings into a public record and to ascertain the truth of the matter asserted in those public records that are outside of the pleading is error. It is error at the 12B6 stage. Looking at it to determine whether the committee commission recommendation was considered, which you're saying they ignored it, and the tape seems to refute that very, very clearly. So is it... When you look at it to address your question of whether they considered it, as opposed to whether their decision was accurate or inaccurate, right or wrong, how does that violate those cases? It violates those cases, Your Honor, because what ended up happening here is the court ended up looking at this case like a motion for summary judgment at the pleading stage. We never had the opportunity to develop all of the evidentiary record in this case. What is the public record beyond the video? What are all the emails that went back and forth between the city council members? What are the city council members going to say when they're actually under oath in a deposition about the basis for their decision? What is the evidentiary record going to look like as fairly developed for both parties? Not just the submittal of a YouTube video. I was curious, do you have authority that says that you can impeach a city council vote by virtue of taking depositions of each of the city council members of why they voted the way they did? I don't have a case, Your Honor. We do it all the time in our zoning and land use practice. We take depositions of members of voting bodies to determine whether or not they were influenced, unduly influenced, or whether or not there was factual basis for the arguments that they were contending were true. We have an opportunity, we believe, Your Honor, procedurally under the 12B6 standard and taking the allegations and the complaint as true to show that this decision, which we will contend and argue before Judge Goldsmith if we're granted relief in this appeal, was absolutely arbitrary and capricious and without basis. That brings me to my question. What do you have to establish to prevail? Well, eight months and the Planning Commission determination that all of the factors are  I'm not asking you what you have evidence-wise. What do you need to show to prevail? You have to show a violation of a constitutional right in an ordinance change, not in a variance. I mean, you're seeking zoning change. Now, you do have the master plan, but what is the standard? What do you have to show to be able to prevail? That the city made an irrational zoning decision and in effect decided that this project was not going to move forward when all of the evidence suggested Okay, so it's arbitrary and capricious? It is arbitrary. There's two components. We must have a protected property interest, which we've been talking about, I believe, here this morning. We must also establish that the ultimate decision was arbitrary and capricious and was irrational. How would you state your protected property interest? We have a legitimate claim of entitlement and or a justifiable expectation. Both of those are buzzphrases, and that the city of Troy would have followed its ordinance and that the city council would not have refused to allow this project to move forward. Okay, when you say follow the ordinance, you're talking about the one that says you have to meet five requirements? Which the planning commission found and determined. Just yes or no would be reasonable. Is that what you're asking? That if you meet these five requirements, okay, and do you, and I mean, the basis of all of this is that you're saying that you have to meet the five requirements. I think the law says it's entirely up to them, that it's discretionary. But you're saying that the discretion has to be exercised in a manner that's not arbitrary and capricious. Are you saying something else? No, that's a fairly good summary. Okay, so you want an opportunity to show that notwithstanding their explanations in this sort of long hearing, that the ones that voted against you didn't, you're saying a court decides whether they correctly balanced the five factors, or is it enough that they went through the process? I mean, I'm sort of confused about, because we, or are you saying that what they said there wasn't the real reason that they were bribed, or I mean, I don't know what you're really getting at. Well, that's exactly right. In a substantive due process challenge, we have the right to, in a zoning case, which in the Braun case, in the Andriamo case, and a number of other Sixth Circuit, important Sixth Circuit decisions regarding zoning cases, land use cases, if there is a zoning decision which stops a project, which has a negative effect on an applicant, they have a right to argue that that decision was arbitrary and capricious, and that that decision could be set aside by the district court. But what establishes that it's arbitrary and capricious? The mere fact that it's different than what the planning commission said? There's a number of different levels upon which that can be determined. Number one is irrational, or as we talk about in the Braun case, which is a Sixth Circuit case, that the city commission in this instance failed to exercise any professional judgment in connection with the examination of the eight months of evidence developed by the planning commission in favor of this project. And that that decision is whimsical, and arbitrary, and capricious, and not based on anything other than... So is it the fact that they just simply got it wrong, which is your underlying claim here, or is it the fact that they didn't articulate why they were denying it in a resolution form? That's where you seem to have been about 15 minutes ago. Well, that's an excellent question because, as I said at the very beginning of the argument, there are a number of errors here that the city council committed. It was astounding. You want to expand your answer to include so many things. Frankly, by the time you get to the end of your answer, I don't even remember whether you're answering the question. Can you just simply answer the question narrowly, please? Okay, can you just reset the question? Yeah, I don't remember the question either. Okay. The answer is... I just want to ask you one thing. It sounds as though you're saying that the city's failure to follow its proper procedure gave rise to a property interest in your client, or resulted in the violation of a property interest. But it would seem that whether you have a property interest is different from the question of whether the city procedurally, properly handled the application process in connection with your property interest. It's like you're conflating together the procedural requirements under the local ordinance to equate that with your property interest. It would seem that you wouldn't even have a right to enforce the procedural prerequisites of the local ordinance unless you have a property interest. I say all that to say that I still don't know what you're saying is your property interest here. What is your property interest that's being violated? I believe, Your Honor, you're absolutely correct. The property interest here is that the City of Troy Ordinance lays out a process under which we can obtain what is a justifiable expectation that we would be approved once the Planning Commission had found and determined and recommended to the City Council that all of the factors under the Ordinance for Conditional Rezoning had been met. When the City Council then turned around and failed to make a single observation in the Planning Commission had been wrong about any of those factors, our property interests and our justifiable expectation of approval were violated under the Constitution. So is your property interest then in the process or is your property interest in the expectation? It is in the expectation. Now the expectation is that you'll get rezoned in accordance with the ordinance. All the cases seem to say that that is a discretionary function on the part of the City. And if it's a discretionary function, you don't have a legitimate property interest in how you want that discretion to be exercised. So are those cases wrong or are they distinguishable? The primary case is distinguishable, Silver v. Franklin Tatcha. In Silver, the Court was asked to examine a conditional rezoning permit similar to this which contains subjective criteria. In that instance, the City Council or the City Council was under their ordinance structure in Franklin Tatcha was directed to make those subjective determinations. And once those minimum standards failed, the project failed, those were subjective standards, the property owner never obtained any legitimate property interest. Here, it's not the City Council that's charted with having to make those decisions. It's the Planning Commission. And the Planning Commission did find and determine that all five factors, even the subjective ones, were met. So basically you're saying, if I understand it right then, that the City Council is bound by the factual decisions made by the Planning Commission? It's absolutely correct, unless the City Council were to have articulated in the record reasons that it had exercised professional judgment and determined that the Planning Commission was ultimately incorrect on one or more of the criteria, then it would not have been arbitrary capricious. Okay, so we're right back where we were before. What do you rely upon to say that they have to, you say they have to articulate it in order to be able to validly exercise that discretion? So in other words, we're right back to where we were before. The problem here in your mind is they didn't include the reasons for their denial in a resolution, which is your method number two, or in the minutes, right? That's correct. So where do we find authority that says that a municipal body is required to say certain things in either a resolution or the minutes when it seems clear that the individual members did do all of that on the tape? Andreamo and Braun are two Sixth Circuit Court of Appeals cases cited by Judge Goldsmith in his opinion. Both were decided on summary judgment, and in each instance, the district court in that case was upheld because they observed that there was legitimate basis as stated by the actual decision-making body, which gave, even on the limited review that was required by the district court, enough basis for the court to know that they had exercised professional judgment. Those were motions for summary judgment. Let's assume in that case that they did articulate their reasons in either the minutes or the resolution. Does that, do those two cases say that a municipality must do that? They're required to do that? I don't know that it says that. It says that they, for the reason that they had articulated and shown that they had exercised professional judgment, they were entitled to affirmance under the limited review provided to the district court in those cases. But those were motion for summary judgment, 56 arguments that were brought not here where we have to weigh Tolbrick's complaint on its face and give deference to the allegations in the complaint. That was after the development of the full record, which we've not been afforded the opportunity to do in this case. And that's ultimately what we feel was taken away from us impermissibly and respectfully by Judge Goldsmith at the district court level in this case and that this required a much further development of the record. Thank you, counsel. Why don't we hear from the city of Troy. Thank you very much. Good morning, your honors. My name is Julie Quinlan-Dufresne and I do represent the city of Troy, the appellee in this case. Each of you has kind of articulated, stole my thunder if you will, my position in this case and that is Tolbrick does not have, never did have a protected constitutional property interest. I'd like to start with the text. There are criteria set off, criteria set out in the ordinance. Yes. Okay. And so even if they clearly meet all five, they have no expectations. Correct. If we start with the text of the Michigan Zoning Enabling Act, it's clear that this is a wholly discretionary process. Conditional rezoning is a wholly discretionary process. If you, the desire to conditionally rezone a property must flow from a landowner. If you, if we could, so just to step back for a moment and talk about the difference between a conditional rezoning and a straight rezoning. A rezoning can be initiated by a landowner, public, the planning commission, city council or an agent of a landowner. A conditional rezoning under the Michigan Zoning Enabling Act can only be initiated by a landowner. And the statute is clear. The offer to conditionally rezone property must be in writing and must be voluntarily made. The statute goes on to say that the local unit of government shall not alter or add to the conditions and it shall not require that there be any conditions attached to a rezoning. So when I stand up here and say that this is a wholly discretionary act by the city council, that is where that comes from. So yes, in the zoning ordinance, getting back to your question, Judge White, in the zoning ordinance, yes, there are five standards that are laid out. But the ultimate authority of who gets to decide if those standards are met is city council, not the planning commission. I understand that, but if somebody makes the request for conditional rezoning and accedes to all of the additional conditions that the city wants to see and meets all five criteria, isn't there an expectation? I don't believe so, Your Honor. Okay, so can the council say, well, we think that you have met all five criteria, but we're denying this? Yes, I believe that they could. First of all, the council only makes a finding and determination if there is an approval. But if you back up in the zoning ordinance, the conditions that are offered by the landowner, or in this case, Tolbrook, need to be acceptable to city council. So yes, I would say even under the city's ordinance, even if all five of those standards are met, if ultimately they're not acceptable to city council, which is a very subjective... On what basis? That's what I'm saying. Could the city council say, look, to be perfectly honest, you've met all of our requirements, it's a nice project, and you've met all of the ordinance criteria, but we're going to deny it and not give an explanation? Not give an explanation is not something that would be acceptable if we were looking at arbitrary and capricious. But if you look at this case specifically, we had a very mobilized, very... But why does it matter if it's arbitrary and capricious if there's no property right? Well, that is a very good point. If there's no right to begin with, then we don't even get to the prong of arbitrary and capricious, which is what I would argue. But that's what I'm asking you. Can they just say, we're not doing it, we're not giving an explanation? Yes, my position is city council could say yes. But even after reciting that you've met all the qualifications? But the developer still does not have a constitutionally protected property interest in that conditional rezoning, because that is a discretionary decision. Okay, so it's not a matter of arbitrary and capricious, you're saying? That there's nothing... I'm saying you don't get to that point. I understand. So I just want to make sure that I understand you. You're saying that there's nothing that the city council can do with this request that would be unconstitutional, nothing. They could rip it up, they could... There's nothing that they could do that would be unconstitutional because there simply is no property right. Under substantive due process, I don't think that there is. There's obviously procedural due process. They need to hold a public hearing, notice an opportunity to be heard. But that notice and opportunity to be heard runs both ways, as we saw in this case. We had a very mobilized neighborhood. People were very motivated by not wanting this particular project right in their backyard. So if we didn't hold a hearing at all, that would violate the constitution certainly. Getting over the hurdle of whether there is a property right, you've got... They satisfied the planning commission. You had a bunch of neighbors coming, expressing... Most complaints were fairly vague, but, you know, this isn't what I planned on having next door, and basically the traffic problems. Traffic and safety considerations because the street is narrow and there's no sidewalk in that particular instance for the children. It's the narrowness of the street, the lack of sidewalks. It's a traffic and safety consideration for the children getting to their bus stop. I don't believe there's a school back there. But those were traffic and health safety welfare concerns that were brought up by the public certainly. And then you also had the traffic experts saying that, you know, it's largely imaginary. Not necessarily. They did concede that they would have to put a no right turn out of the proposed complex to keep those traffic levels down. So I don't think they conceded that it was imaginary. If it was imaginary, they wouldn't have required a right turn. No, I didn't say that. But they said that it could be handled. They had ways of handling it. They said we didn't think it was that much of a concern that we even had to have traffic easing things. But, okay, so what is the rational explanation for denying this, would you say? I would go back to the traffic and safety welfare. It goes back to I think Councilwoman Hodrick stated that it's just this particular project doesn't fit in this particular area. These three parcels owned by Tolbrook are single family residentially zoned. And to put a multi-family, multi-story project in that particular residential area just doesn't fit what is in that area. Do I correctly understand that there's actually a line that goes straight across, that if you take a line that goes straight across, this area is actually a notch in that line, that this is the only residential area, this parcel zone residential? No. I think what you might be thinking of, Your Honor, there was a map in the materials originally filed as document 12, page 13 of 97, page ID 498. There is not a line necessarily. There is a planned unit development that this part of the residences are made up of and then some retail. So the PUD, the planned unit development, sort of cuts off that line. You're talking about the zoning line, where it's zoned residential and where it's zoned for, I'm not sure what the zoning is right there, probably business district. But this is the only parcel that's zoned single-family below that line? No. No. So Big Beaver Road runs east-west. The three parcels that we're talking about are a parcel north of that. All of that area is zoned single-family residential. They're all built-up homes. There is a small section that is zoned PUD, but it is homes, and then there is some retail establishments. Okay, but isn't this immediately to the right, sort of looking at the map? Isn't this immediately, I guess it would be east of the PUD? Yes, but those PUDs are single-family homes that are built right there, except for a small portion closer to Big Beaver, which is retail. Can I go back to your property interest argument? Yes. I'm sort of surprised by your taking the position on the part of the city that you could deny any sort of rezoning request for any reason whatsoever. Conditional rezoning, Your Honor. It just seems to me that that goes so far beyond where we are in this case. There are five factors that you're supposed to look at, and if the five factors were quantifiable, yes, no. In other words, it can't exceed two stories. It can't exceed a density of X. You can calculate stories in X. But when I look at these factors, particularly factor number five, it's a factor that depends upon somebody's judgment. People can disagree as to whether the conditions ensure compatibility with adjacent land usages. So you don't have to get to your position, it seems to me, to simply be arguing that the reason why this is discretionary, and therefore there's not a legitimate property expectation, and I'm saying this in some detail because I want to get your view, and then I want to get his view when he stands back up. The Planning Commission thought that this was compatible. That's fine. They had hearings. That's their determination. The final decision is the City Council. They concluded, for whatever reason, that it was not compatible. It seems to me that's the essence of discretion when it's not something that's black and white as to whether you meet it or you don't meet it. Exactly. Exactly, Your Honor. And I think when I argued in both low- So your point is you can't have a legitimate expectation where there's a discretionary factor that's left up to the final decision maker, which in this case is not the Planning Commission, it's the City Council. Is that the essence of the problem here? Yes. As I articulated below, and I hope I articulated here on appeal, many of the factors, the standards for approval, which are 1604C3A through E, many of those factors are subjective in nature. Many of those, you could look at it one way, Judge Clay, and I could look at it another way and come out on different ends. Yes, and as you're saying, Judge McKeague, that is exactly the essence of a discretionary decision. Well, you could say factor number one about whether it protects the public health, safety, and welfare. That seems to be a matter of judgment. Five is a matter of judgment. I'm not really sure that two, three, and four involve much of an application of judgment on the part of the city. But in any event, it doesn't matter if you've got two out of five that are based on judgment. Right, and that has been my position. Do you agree then that if you don't have a legitimate expectation, whether the procedure that they followed in both having the hearing and documenting the requirements don't matter, you don't get to it? That's my position, yes, Your Honor. And if I may, I don't want to forget this point. Brother Counsel cited this court to Wilkinson v. Austin for his position that a liberty interest can be created by laws or policies. And I just wanted the court to point out we're not talking about a liberty interest. Wilkinson v. Austin talks about liberty interest. And the case is so far away from where the zoning case is. Wilkinson v. Austin has no applicability here. It is talking about a set of prison inmates where the court said they have a liberty interest in avoiding being assigned to a supermax prison and avoid particular conditions of confinement. So the only case that Brother Counsel cites with respect to creating a liberty interest in laws or policies has no applicability to this case whatsoever. My point that I was going to make was with respect to the finding recommendations. I think I made this point earlier, but I want to stress it again. Only an approval requires a finding and recommendation. Brother Counsel argued to you all that somehow City Council must adopt that finding and recommendation. But that is not how the zoning ordinance for the City of Troy works at all. Well, he seems to argue either that the City Council is bound by the findings of the Planning Commission. That seems to be one argument. Or that at least there's a presumption that the City Council will follow that recommendation unless the City Council essentially overcomes a presumption on behalf of the developer. So is there any support for either of those positions that you can find in the ordinance? I don't believe so, Your Honor. How about Michigan law? Zoning law is kind of squirrely in Michigan. Well, but you start with the presumption that the zoning that exists is valid. That is based on health, safety, and welfare issues. We wouldn't be here if Tollbrook didn't need to rezone the property to build the multifamily, multistory apartment complex. But it also provides for conditional rezoning. The State contemplates that there can be changes if certain requirements are met. State law allows it, but it is wholly discretionary. It is something that a local unit of government may accept. It may not alter, it may not add to, and it may not require conditions. So it is a wholly discretionary. I think in general, having done these now for two years, conditional rezonings are somewhat disfavored because you're essentially, as a landowner, bargaining away your ability to do with your land whatever you want to do. In a straight rezoning, if you rezone property, you can do whatever the permitted use is on that property. But if you're a conditional rezoning, you're saying to the city, if you give me this rezoning, or the local unit of government, if you give me this rezoning, then this is what I promise I'm going to build, and I'm not going to pull a bait and switch on you. I'm not going to promise to build a multi-story, multi-family complex and then turn around and build an auto repair shop. You have to build what they've promised to build. Right. Yes, and that's what they propose to do. I don't understand your point. My point is that is why these conditional rezonings are wholly discretionary by the city council. City council doesn't have to accept someone's offer to do something on the property if they don't find it acceptable. They don't want that. Right, and then they're told these are the five things you have to consider. And their claim is that they didn't consider them. As Judge McKeague pointed out, they were considered in the video. They were absolutely considered by city council. Each member of city council articulated his or her reasons for voting in favor of or against a particular project. And just to make this point, because I know I didn't touch on it yet, the video of the city council meeting could absolutely have been transcribed, attached to the minutes, and where there'd be no question. There shouldn't be any question anyways, but there'd be no question that's part of a vote. But then how do you decide whether it's arbitrary and capricious? Do they have any chance to prove that? Well, if I could make this point that I haven't made, I apologize. This court, because this is a 12 v. 6, you have to look at the allegations that are contained in the complaint. And the only allegation in the complaint that goes to arbitrary and capricious is that city council succumbed to public opposition to the project. If you look through the complaint, which is very spartan in my opinion, that is the only allegation. And I guess I am baffled by why someone would argue that public opposition being a reason for voting down a project is not a valid reason. We don't hold public hearings. We don't take the information from the public, the public who is most affected by a proposed project. Those are reasons to oppose a project. There were reasons articulated there. So it's not something that was... Well, you're putting it up itself. You're saying even if they don't pertain to the five factors. I'm sorry. I'm sorry. You're saying that even if the public opposition does not pertain to the five factors, it's still okay to deny it based on that. You could say, and we're sort of circling back here, but they could say our vote is to deny the application. You have satisfied all the factors. We individually think it's fine, but the public opposition of the neighbors is strong enough to cause us to deny them. My response to that, Judge White, is under the zoning ordinance, city council is not required... If the vote is to deny something, they don't need to articulate their reason. I'm not saying they need to. I'm saying would that be valid? Would that be insulated from any review if they said, yes, you've satisfied all the five factors, this is a great project, but we are going to defer to the objections of your neighbors? I'm saying my position would be because there's not a substantive due process right, there isn't a constitutionally protected right in the beginning for him to have that rezoning, because it is discretionary at the outset, he doesn't have a legitimate expectation of approval, then yes, that would be acceptable. All right. I think we have your position in hand. Thank you. We'll hear rebuttal, but please hold your time this time. We've run way over with this case. Okay, thank you. Touching on what Judge White was just referring to, taking the allegations in the complaint and construing them to be true, our position on appeal here today is just the opposite of what Ms. Dufresne suggested, which is that under the Silver case, once those minimum mandatory requirements have been met under the ordinance, and as here were determined and found to have been accurate by the planning commission, we did have a legitimate claim of entitlement or a justifiable expectation, which establishes that constitutional interest. But why do you get a legitimate expectation because the planning commission approved it, if the ultimate decision maker is the city council and the factors clearly envision discretion on the part of the city council? The reason for that is that the Troy ordinance itself says that upon a finding and determination that all the five factors are met. And then we ask the city council to consider the planning commission report and along with the planning department report in determining its ultimate decision. We feel that the interplay of the ordinance requires the city council, as you indicated during Ms. Dufresne's argument, Judge McKee, that if the planning commission has made such a finding and recommended it to the city council, the city council therefore is obligated to make contrary findings if it is going to suggest that the planning commission decision was an error, otherwise there's an arbitrary sort of reason. Again, that's sort of conflating two things. You cite section 1604C3 on page 13 of your brief. Yes. And that talks about how a conditional rezoning application is approved upon a finding and determination that all five of the standards for approval are satisfied. That's right. Now what you're arguing is that the finding and determination that's being referred to there is that of the planning commission, not the city council. Is that what the ordinance says? Is it referring to the planning commission or is it referring to the city council? It doesn't say either, and that's the implication, is that it's the planning commission in this instance. So if it doesn't say either, you go to the planning commission. The planning commission acts in an advisory role to the city council. They have the ultimate authority. So if a finding has to be made that the standards for approval are satisfied, why wouldn't that be the decision maker? I think, again, we have to look at the interplay of the ordinance. The ordinance says that upon review of a conditional rezoning application, the city council shall review the application. They did that, or at least subjectively we believe they may have done that. Review then the planning commission recommendation, which is the fact-finding body here, the planning department report, and then shall adopt a resolution doing one of three things. But what if they just disagree with one or more of the findings by the planning commission, ignoring the question of whether they do or don't have to articulate in writing that finding? You essentially seem to be saying they're bound by the planning commission, and I don't understand why you would even bother to have more hearings after the planning commission meetings if the city council is bound by what the factors are. Actually, if they had articulated sound reasons in their decision and had found that the planning commission was in error, we probably wouldn't be here today. So they're not bound by the planning commission? No. It's a process argument. That's correct. If they don't agree, they have to say in writing why, and articulating individual council members' reasoning during the meeting is not sufficient. Is that sort of the essence of the problem here? Well, the essence, yes. I think that's a simple way of saying it. Now, what she says is that you have to articulate your reasons in writing to approve, but not to deny. So what's your response to that? Well, I think that the city of Troy's zoning ordinance does say exactly what she's arguing. However, how is it that a trier of fact, a district court here, and this is a bench trial, could examine whether the decision was arbitrary and capricious if they don't articulate it? But if you're saying that your property interest arises out of the ordinance, and the ordinance gives final authority to the city council, they're not bound by what the planning commission says, and they don't have to state reasons if they deny as opposed to approve, I'm just, why doesn't that end the case on the question of the property interest? Well, at a total B6 stage, we don't believe it is. We feel we have the right to develop the record and determine whether those, if they had articulated those basis hypothetically, which they didn't, then we would have the right to challenge those and leave it to the trier of fact as to whether or not a 56 motion should be granted at some point, or alternatively, whether after a bench trial, whose argument survives or best carries the day on the arbitrary and capricious argument. Here, we're left just wondering. I think we'll have to leave it at that. Thank you, counsel, and thank both of you for your arguments, and the case is submitted. Thank you for your time. Appreciate it.